### Max Fox *vs.* Commonwealth.

Bristol.     March 12, 15, 1928.— May 29, 1928.

Present: Rugg, C.J., Braley, Wait, & Sanderson, JJ.

*Intoxicating Liquor.     Conspiracy.*

No error appeared in the trial and conviction of a defendant upon an indictment charging him with conspiracy with others to commit certain acts in violation of the laws relating to intoxicating liquors simultaneously with his trial and conviction upon other indictments charging him individually with the commission of some of the same acts; and sentence properly might be imposed upon the defendant under the first indictment together with sentences under the other indictments.

Petition, filed in the Supreme Judicial Court for the county of Bristol on September 29, 1927, for a writ of error to reverse a judgment of the Superior Court described in the opinion.

Writs of error and of scire facias were issued and returns made by the Chief Justice of the Superior Court. The case

then came on to be heard by *Pierce*, J., by whose direction an order was entered affirming the judgment. The petitioner alleged exceptions.

*D. R. Radovsky*, for the petitioner, submitted a brief.

*W. C. Crossley*, District Attorney, (*F. E. Smith*, Assistant District Attorney, with him,) for the Commonwealth.

BRALEY, J. The petitioner was indicted and convicted on three indictments which were tried together. The second indictment charged him in separate counts with exposing and keeping for sale intoxicating liquors with intent to sell the same on January 5 and January 6, 1927. The third indictment charged him with keeping and maintaining a place used by him for the illegal sale and illegal keeping for sale of intoxicating liquors. G. L. c. 138 as amended. G. L. c. 139. The petitioner was sentenced on each indictment to pay a fine of $100 and to imprisonment for a term of six months. The first indictment in three counts charged that he entered into a conspiracy with certain persons who were named to commit the crime charged in the second indictment, and also unlawfully to sell intoxicating liquors and to transport by vehicle intoxicating liquor without having "obtained the permit or other authority required therefor by the laws of the United States and the regulations made thereunder." St. 1923, c. 370. The petitioner having been found guilty was sentenced on this indictment to pay a fine of $500 and to imprisonment for a term of two years. The merits of these prosecutions have been determined by the judgment on each indictment and the only question presented is whether the judgment in the case for conspiracy should be reversed. *Perkins* v. *Bangs*, 206 Mass. 408, 412. The assignments of error are, that "It was error to try the petitioner for conspiracy to do the very same things for which he was tried under the indictments against him as an individual. . . . It was error to sentence the petitioner for conspiracy to do the very same thing for which he was sentenced under the indictment against him as an individual. . . . That the sentence imposed upon the petitioner upon the conspiracy indictment was wholly unauthorized and inconsistent with the law of this Commonwealth."

The statutory misdemeanors were distinct offences from the crime of conspiracy which in this Commonwealth is a misdemeanor at common law. *Commonwealth* v. *Hunt,* 4 Met. 111. *Commonwealth* v. *O'Brien,* 12 Cush. 84. *Commonwealth* v. *Stuart,* 207 Mass. 563, 571. See *Commonwealth* v. *Walker,* 108 Mass. 309, 314. Compare *Regina* v. *Boulton,* 12 Cox. C. C. 87, 93. It is contended by the petitioner that the sentence for conspiracy may exceed the penalty provided for a violation of the statutes concerning the illegal keeping for sale, or illegal transportation of intoxicating liquors, or the maintenance of a place where intoxicating liquors are illegally kept. G. L. c. 279, § 5. *O'Neil* v. *Commonwealth,* 165 Mass. 446, 447. But, whatever may be the result of treating the crimes described in the record as distinct, the remedy if any adjustment or diminution of the degree of punishment is deemed desirable is with the Legislature. *Clune* v. *United States,* 159 U. S. 590, 595.

The single justice rightly declined to issue the writ, and the petitioner's exceptions must be overruled.

*So ordered.*