Commonwealth *vs.* Charles E. Perry.

Suffolk.   March 2, 1970. — April 2, 1970.

Present: Wilkins, C.J., Spalding, Kirk, Reardon, & Quirico, JJ.

*Accessory.  Robbery.  Assault.*

Conviction of a defendant of being either a principal or an accessory
before the fact in an armed robbery of a store was not warranted by
evidence merely that he was with three others when the others ar-
ranged the robbery at the suggestion of one of them, that the four
went to the area of the store by public transit, that the defendant
did not go to the store for fear of being recognized but by arrange-
ment waited nearby for the others to pick him up after the robbery,
which they did not do, whereupon he went to his home, and that he
subsequently was told of the robbery by two of the others.

Two indictments found and returned in the Superior
Court on May 6, 1969.

The cases were tried before *Goldberg, J.*

*Reuben Goodman (Robert W. Banks & Stephen Alexrad*
with him) for the defendant.

*Newman A. Flanagan,* Assistant District Attorney (*Alvan
Brody & John M. Lynch, III,* with him), for the Common-
wealth.

Quirico, J.   The defendant was found guilty by a jury
on two indictments returned on May 6, 1969, alleging crimes
committed on November 6, 1968.   Indictment No. 41,760
charges that the defendant being armed with a revolver as-
saulted George Salibe with intent to rob him.   Indictment
No. 41,761 charges that the defendant being armed with a
revolver assaulted William Kempner with intent to rob him
and did rob and steal a wallet and some money from his
person.   The case is before us on the defendant's exceptions
to the trial judge's denial of his motions for directed verdicts
of not guilty and his motion to suppress certain evidence.

At 9:30 p.m. on November 6, 1968, Kempner and Salibe
were working as clerks at the Murray Kempner Company
liquor store in the Dorchester district of Boston.   Three men
entered the store.   One of the men had a gun, and they

robbed Kempner of his wallet and some money and assaulted Salibe with the intent to rob him. Both clerks testified that the defendant was not one of the three robbers who entered the store, and that they had never seen him before.

The defendant did not testify. The only evidence relating to him was testimony from a police sergeant who said that he arrested him on March 26, 1969, that he "gave the defendant the warnings required by the Miranda Case", that "he advised him of no other rights," and that the defendant then made a statement to him as follows: On November 6, 1968, he was at the apartment of one Carlson on Beacon Street in Boston, and that one Wiggins and Gary Murphy were also there. Wiggins and Murphy talked about holding up a liquor store later that night. Murphy had formerly been a truck driver in the area of the Kempner liquor store and he suggested that they hold up that store. They all agreed and they went to that area by public transit. The defendant had formerly lived with a sister in that area and on occasions he had made purchases at the Kempner store. In view of this he feared that he would be recognized. He therefore arranged with the other three that after the holdup they would pick him up at the Y.M.C.A. which was a block away from the store. He waited at the Y.M.C.A. for them, but they did not come. He then went to his home in Boston by the public transit system. Wiggins came to his home about 11 P.M. that evening. They discussed the holdup and Wiggins said they got no money from the store. Wiggins told him that Murphy stayed near the door with a gun and Carlson went to the register looking for money. Two or three days later the defendant met Carlson who also told him they got no money.

The police sergeant testified that the Y.M.C.A. was about 400 feet from the entrance to the Kempner store. This was not a statement made by the defendant. There was no evidence whether the Y.M.C.A. was on the same street as the liquor store, or whether it was possible to see from one place to the other.

The motions for directed verdicts of not guilty raise the

question whether there was sufficient evidence of the defendant's guilt to warrant submission of the cases to the jury. Although each indictment charges the defendant as a principal, he could be convicted on proof that he was an accessory before the fact to the crimes charged.[1]

There was evidence that the defendant knew the three persons who entered the liquor store and committed the robbery and assault, that he associated with them, and that he was in their company both before and after the robbery. But that, without more, is not enough to convict the defendant on either charge. There can be no finding of guilt by association. *Commonwealth* v. *Fancy,* 349 Mass. 196, 200.

There was also evidence that the defendant knew before the robbery and assault that Carlson, Wiggins and Murphy were going to the liquor store to commit those crimes, and that he knew later that they had committed them. But mere knowledge that a crime is to be committed, even when coupled with subsequent concealment of the completed crime, does not make one guilty as an accessory before the fact or as a principal to the crime about which he has knowledge. *Commonwealth* v. *DiStasio,* 297 Mass. 347, 360, 364–365.

The Commonwealth's evidence is also deficient in that it does not show that the defendant counseled, hired or otherwise procured the three other persons to commit the robbery or the assault with intent to rob, or that he did any other act which would make him an accessory before the fact to such crimes. It appears that it was Murphy who counseled and procured the others to rob the liquor store. Moreover, the Commonwealth made no showing that there was an agreement for the defendant to stand by, at or near the scene of the crimes to render aid, assistance or encouragement to the perpetrators if it became necessary, or to assist them in making their escape from the scene. Finally, there

---

[1] General Laws c. 274, § 2, as amended by St. 1968, c. 206, § 1, approved April 30, 1968, reads: "Whoever aids in the commission of a felony, or is an accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed, shall be indicted, tried and punished as a principal."

was no showing that he was in any location or position where he could aid in any way in the commission of the crimes. *Commonwealth* v. *Knapp,* 9 Pick. 495, 517. He did not act as a lookout or decoy for the perpetrators of the crimes. He had no car or other means by which he could assist them to escape. *Commonwealth* v. *Lucas,* 2 Allen, 170, 171. *Commonwealth* v. *Conroy,* 333 Mass. 751, 755.

There may possibly be enough evidence to warrant the jury in finding that the defendant conspired with Carlson, Wiggins and Murphy to commit the robbery and the assault charged in the indictments. But even that, without more, would not be sufficient to convict the defendant on the basis that he was either an accessory before the fact or a principal to the substantive crimes charged. If the defendant agreed with the other persons to commit the crimes of robbery and assault and did nothing more, he is guilty of criminal conspiracy; but he was not charged with that crime. That alone does not make him an accessory before the fact or a principal to the substantive crime which was the objective of the conspiracy. *Fox* v. *Commonwealth,* 264 Mass. 51, 52–53. *Commonwealth* v. *DiStasio,* 297 Mass. 347, 357. *Commonwealth* v. *Bloomberg,* 302 Mass. 349, 355–356. *Commonwealth* v. *Stasiun,* 349 Mass. 38, 47–48.

In view of this state of the evidence we are convinced that it was not sufficient to be submitted to the jury on the theory either that the defendant was an accessory before the fact or that he was a principal. The denial of his motions for directed verdicts of not guilty was error.

We therefore need not discuss the exception to the denial of the motion to suppress.

*Exceptions sustained.*
*Judgments for the defendant.*