COMMONWEALTH *vs.* GERALD M. SCHAFLANDER. February 9, 1972. On conflicting evidence a jury found Schaflander guilty (see G. L. c. 272, § 19) as an accessory before the fact (see G. L. c. 274, § 2, as appearing in St. 1968, c. 206, § 1) to an abortion performed on April 6, 1969. No evidence suggests that Schaflander acted in the hope of gain for himself. His suspended sentence, probation, and fine (rather than a more severe penalty) doubtless were based on the judge's view of him as one "impatient with . . . laws with which he does not agree." Four Justices are of opinion that the evidence permitted the jury to conclude (1) that Schaflander was one of a "network of clergymen and people like that who were obtaining [without charge] abortions for college girls"; (2) that he was approached by a pregnant student with a request for help; (3) that he took responsibility for assisting her and asked a student friend (Fee) to help her; (4) that Fee, through an acquaintance met one Shattuck, who in turn arranged with Michaele F. Porcaro, who then obtained Helen E. McLaughlin (not shown to be a licensed physician) to perform the abortion at a motel near Logan Airport; (5) that Fee kept Schaflander informed of developments, concerning at least most details of the arrangements; and (6) that later conversations with Schaflander were an effort by him at concealment of his participation showing consciousness of guilt. These four Justices think (1) that the jury could believe that Fee told Schaflander fully of the plans, without believing that Fee told Schaflander (or that the latter thought) the abortion was to be done by a doctor, and (2) that Schaflander's action could be found to have been affirmative "spe-

cific encouragement" going beyond "mere approval." See *Commonwealth* v. *French*, 357 Mass. 356, 392. The dissenting three Justices think the evidence did not adequately establish Schaflander's knowledge of, or direct participation in, the project for an illegal abortion. Cf. *Commonwealth* v. *Perry*, 357 Mass. 149, 151. Neither view of the evidence presents any issue concerning whether G. L. c. 272, § 19, may constitutionally be applied to an abortion performed by a licensed physician.

*Judgment affirmed.*

*Reuben Goodman* for the defendant.
*Robert Snider*, Assistant District Attorney, for the Commonwealth.