COMMONWEALTH *vs.* JOHN BURNS.  October 24, 1972.  The defendant and Lawrence J. Jemmott were each convicted of the following crimes committed against Anthony M. Durham: (a) armed robbery, (b) entering a dwelling house while armed and assaulting an occupant with intent to rob him, and (c) assault and battery with a dangerous weapon.  The defendant claims error in the denial of his motions for directed verdicts.  The motions raise the question "whether there was sufficient evidence of the defendant's guilt to warrant the submission of the cases to a jury."  *Commonwealth* v. *Altenhaus,* 317 Mass. 270, 271.  *Commonwealth* v. *Baron,* 356 Mass. 362, 365.  *Commonwealth* v. *Perry,* 357 Mass. 149, 151.  We hold that the evidence which we summarize in its aspect most favorable to the Commonwealth was sufficient.  On August 7, 1970, Durham went to the apartment of Lawrence J. and Donald Jemmott, brothers, to get some clothes belonging to his cousin.  The defendant went with him.  On their way there Durham told him he had no money. On their return the defendant saw Durham "counting out a lot of money."  On the same date Durham, his wife and the defendant left on a three day trip to New York with Durham paying all of the expenses.  On their return they learned that the Jemmott brothers were looking for Durham, claiming he had stolen clothes and $100 from their apartment.  The defendant thereupon left the Durham apartment, went to the Jemmott apartment and took the two brothers back to the Durham apartment, and while doing so he told them of Durham's statement of August 7 that he had no money before going to the Jemmott apartment and of Durham's counting money after leaving the apartment.  At the Durham apartment the Jemmott brothers demanded the return of their money and an argument ensued during which Donald Jemmott threatened to kill Durham and in fact shot him twice.  Mrs. Durham then gave the Jemmotts $12.  Between the two shots the defendant told Durham in effect to give the Jemmotts their money if he took it.  He did nothing to dissuade or prevent the Jemmotts from committing the crimes.  The Jemmotts fled as the police officers were arriving.  In answer to police questioning at the apartment, the defendant lied to them about the description of the Jemmotts.  He gave his own name as "Michael" Burns when it was in fact "John" Burns.  After the police officers left to take Durham to a hospital the defendant told Mrs. Durham to tell the police that he was already in her apartment when the Jemmotts arrived.  When the defendant was arrested later that day he jumped out of a window of the police station in an attempt to escape.  The evidence permitted an inference that the defendant was present at the Durham apartment by prearrangement with the Jemmotts "in a position where he might render them aid and encouragement" in the commission of the crimes (*Commonwealth* v. *Conroy,* 333 Mass. 751, 755), or that he was "an accessory [to the felonies] . . . before the fact by counselling, hiring or otherwise procuring such . . . [felonies] to be committed."  G. L. c. 274, § 2, as appearing in St. 1968, c. 206, § 1.  In either event, he could be found guilty as a principal.  *Commonwealth* v. *Knapp,* 9 Pick. 496, 513, 516–518.

*Judgments affirmed.*

*Mary C. Kingsley* for the defendant.

*Timothy J. Spillane, Jr.,* Assistant District Attorney, for the Commonwealth.