COMMONWEALTH *vs.* WILLIAM SPINA. February 5, 1973. The defendant was convicted of violating G. L. c. 266, § 104, on a complaint charging that he "did wilfully, intentionally and without right, injure, deface and mar a certain building [a police station] in the said City of Boston." His amended bill of exceptions raises the issue whether there was sufficient evidence to support the finding of guilty made by a judge sitting without jury in a misdemeanor session of the Superior Court. The testimony by a police officer that the defendant was standing in front of the police station with a co-defendant who threw a rock at the station, without any further showing, merely establishes presence when the crime was committed. The officer testified (as set out in the amended bill of exceptions) "that in fact he had observed the Defendant Spina doing nothing more than standing beside the young man who had thrown the rock." Without more, this is insufficient to convict. *Commonwealth* v. *Murphy, ante,* 71 (reversing as to the defendant Tilley). *Commonwealth* v. *Benders,* 361 Mass. 704. *United States* v. *Barber* (Appeal of Loper) 429 F. 2d 1394 (3rd Cir.), (Appeal of other defendants) 442 F. 2d 517, 524 (3rd Cir.). The additional testimony by the police officer that before the rock was thrown the defendant and the co-defendant were standing facing the police station and yelling (he could not determine what they were saying) does not establish the defendant's participation in or encouragement of this sudden act. *Commonwealth* v. *Perry,* 357 Mass. 149. The Commonwealth points to the evidence that the defendant and his companion had been at Boston University and had heard speeches by William Kunstler and several others (just when, or what was said, is not in the record). This and the testimony by the police officer that they were wearing "hippie clothes" may add local color but hardly make the defendant's presence sinister. That the defendant and the co-defendant began running when the police officer came out of the station — even if it were more unambiguously indicative of con-

sciousness of guilt — cannot turn the scales where the other evidence is so slight. *Commonwealth* v. *Fancy,* 349 Mass. 196. *Commonwealth* v. *Murphy, supra. Bailey* v. *United States,* 416 F. 2d 1110, 1114-1115 (D. C. Cir.).

*Exceptions sustained.*
*Judgment for the defendant.*

*Haskell A. Kassler* for the defendant.

*Alan Chapman,* Assistant District Attorney (*Mark Vogel* with him), for the Commonwealth.