COMMONWEALTH *vs.* ROBERT F. NOONS. March 28, 1974. After trial before a judge sitting without jury in proceedings conducted under G. L. c. 278, §§ 33A-33G, the defendant was convicted of knowingly and intentionally distributing a controlled substance, heroin. G. L. c. 94C, § 32, as inserted by St. 1971, c. 1071, § 1. The only error assigned by the defendant is the denial of his motion for a finding of not guilty at the conclusion of the Commonwealth's case. The Commonwealth does not contend that the defendant personally made physical delivery of the heroin to the undercover officer but argues that the defendant's participation in the entire transaction warrants his conviction as an accessory to the commission of the substantive offense. A defendant may be convicted as a principal on proof that he counselled, hired, or otherwise procured the crime to be committed. G. L. c. 274, § 2, as amended by St. 1968, c. 206, § 1. *Commonwealth* v. *Perry*, 357 Mass. 149, 151 (1970). Although the defendant's knowledge and presence alone do not constitute "counselling, hiring, or . . . procuring" (see *Commonwealth* v. *DiStasio*, 297 Mass. 347, 364 [1937]; *Commonwealth* v. *Spina*, 1 Mass. App. Ct. 805 [1973]), his association with a criminal venture coupled with any significant participation in it will support a conviction. *Commonwealth* v. *French*, 357 Mass. 356, 391 (1970), and cases cited. *Commonwealth* v. *Morrow*, 363 Mass. 601, 608-609 (1973). Viewing the evidence most favorable to the Commonwealth (*Commonwealth* v. *Burns*, 362 Mass. 875 [1972]), we hold that it was sufficient to warrant conviction. The defendant's invitation to

the officer to "cop" heroin solicited the officer to enter into the transaction in which the defendant participated in its entirety. The defendant's aid in the preparation of the heroin and his words "we'll take our share and you can have yours" immediately prior to the distribution of heroin to the officer signify the status of a participant rather than that of a knowing spectator. *United States* v. *Martinez*, 479 F. 2d 824, 829-830 (1st Cir. 1973). See also *Commonwealth* v. *Murphy*, 1 Mass. App. Ct. 71, 76 (1973). The case of *Commonwealth* v. *Harvard*, 356 Mass. 452 (1969), relied upon by the defendant, is distinguishable from the case before us in that the conviction there reversed was for selling narcotics, not distributing them. Indeed, the court implied that if the defendant there had been charged with delivery of a narcotic drug, substantially the offense charged here (see G. L. c. 94C, § 1, "Distribute"), the conviction would have been sustained. *Commonwealth* v. *Harvard, supra,* at 456. There was no error in the denial of the defendant's motion for a finding of not guilty.

*Judgment affirmed.*

*Harvey M. Pullman* for the defendant.

*Donald P. Zerendow,* Assistant District Attorney, for the Commonwealth.