COMMONWEALTH *vs.* DARLENE D. DREW.

Bristol.    December 12, 1975. — January 14, 1976.

Present: ROSE, KEVILLE, & ARMSTRONG, JJ.

*Robbery. Joint Enterprise. Accessory. Practice, Criminal,* Trial of defendants together.

At the trial of a defendant on charges of armed robbery of three stores, evidence that the defendant was present at the scene of each crime and knew beforehand that her companions intended to rob the stores warranted an inference of her participation as a principal in each robbery. [31-33]

A judge at the trial of three indictments for armed robbery did not abuse his discretion in refusing to permit severance of the indictments. [33]

THREE INDICTMENTS found and returned in the Superior Court on February 3, 1975.

The cases were heard by *Taveira, J.*

*Peter Larkowich* for the defendant.

*John D. Sheehan,* Assistant District Attorney (*Francis L. Collins* with him) for the Commonwealth.

ARMSTRONG, J.    The defendant was convicted of armed robberies of three stores which occurred on December 25 and 26, 1974. There was evidence that she rode to the scene of each robbery in a car with her brother and one Cote; that in each instance the car was parked in a street on which the store to be robbed either fronted or sided; that during each robbery she remained in the car while her brother and Cote entered the store and stole money, groceries and cigarettes at gunpoint; that she knew be-

forehand of their purpose in entering each store; and that she was present at the division of the proceeds, but received no share other than some cigarettes in unspecified amounts. There was no evidence that she drove (or did not drive) the car or that she knew (or did not know) how to drive. Except for what may be inferred from the foregoing, the evidence is silent as to her ability from her vantage point in the parked car to act as lookout or otherwise assist in any of the robberies.

The defendant's principal contention is that the Commonwealth has at most proved (1) her knowledge that the robberies were to be perpetrated and (2) her presence at the scenes. Citing *Commonwealth* v. *Perry*, 357 Mass. 149, 151 (1970), *Commonwealth* v. *Benders*, 361 Mass. 704, 708 (1972), *Commonwealth* v. *Murphy*, 1 Mass. App. Ct. 71, 75-77 (1973), and *Bailey* v. *United States*, 416 F. 2d 1110, 1113 (D.C. Cir. 1969), the defendant argues that these facts alone do not render her guilty as an accessory before the fact or as a principal, and that she was entitled to a directed verdict unless the Commonwealth introduced evidence that she aided in the commission of the robberies or counselled, hired, or otherwise procured (G. L. c. 274, § 2) them to be committed. To hold otherwise, the defendant argues, would be to punish her impermissibly for mere association with criminals. See *Commonwealth* v. *Fancy*, 349 Mass. 196, 200 (1965).

Accepting as an abstract proposition that the defendant's knowledge and presence alone do not render her guilty as a principal, nevertheless those facts warrant an inference of her participation as a principal in each robbery. One's presence at the scene of a crime normally indicates an ability to render "aid and encouragement, as a lookout to give warning, ... or as an ally in making escape or in meeting any eventuality." *Commonwealth* v. *Conroy*, 333 Mass. 751, 755 (1956). The present case is not like *Commonwealth* v. *Perry*, wherein a decisive fact was the defendant's absence from the scene of the robbery and thus his inability to render any assistance in its commission. The evidence in this case, although scanty, permitted

an inference that the defendant was positioned sufficiently near to the stores being robbed, and at such a vantage point, to be able to cover as a lookout some approaches to the stores and to give warning, if in no other way, by blowing the horn of the car in which she sat.

From the defendant's association with the robbers, her knowledge that the robberies were to be perpetrated, and her presence or proximity enabling her to render some measure of assistance, her complicity as a principal may be inferred. See *Commonwealth* v. *Conroy, supra; Commonwealth* v. *Scott,* 355 Mass. 471, 474-475 (1969); *Commonwealth* v. *Breen,* 357 Mass. 441, 447-448 (1970); *Commonwealth* v. *Burns,* 362 Mass. 875 (1972); *Commonwealth* v. *Morrow,* 363 Mass. 601, 608-609 (1973); *Commonwealth* v. *Kennedy,* 3 Mass. App. Ct. 218, 225 (1975); *Commonwealth* v. *Mangula,* 2 Mass. App. Ct. 785, 793-794 (1975). See also *Commonwealth* v. *Medeiros,* 354 Mass. 193, 198 (1968), cert. den. sub nom. *Bernier* v. *Massachusetts,* 393 U. S. 1058 (1969), and *Commonwealth* v. *Flynn,* 362 Mass. 455, 478-479 (1972).

As we have indicated previously (in *Commonwealth* v. *Dupont,* 2 Mass. App. Ct. 566, 574-575 [1974]), precedents concerning the inferences which may be drawn from circumstances surrounding wanton, seemingly purposeless acts of destruction such as that involved in *Commonwealth* v. *Murphy,* 1 Mass. App. Ct. 71 (1973), or surrounding spontaneous and unpredictable acts of violence such as that in *Commonwealth* v. *Spina,* 1 Mass. App. Ct. 805 (1973), have little application in cases of armed robberies or other crimes characteristically marked by some degree of planning, preparation and purpose. Whether an inference is warranted or is impermissibly remote must be determined, not by hard and fast rules of law, but by experience and common sense.[1] We are unwilling to adopt a

---

[1] Compare *Commonwealth* v. *Flowers,* 1 Mass. App. Ct. 415, 419 (1973), in which we held on the facts there recited that no inference of complicity in armed robbery was warranted against certain defendants, although they were associated with the robber in another criminal enterprise and were present in the apartment where the robbery took place, with *Commonwealth* v. *Conroy,* 333 Mass. at 755, and *Commonwealth* v. *Richards,* 363 Mass. 299, 306-307 (1973).

rule which would create artificial barriers against inferences of complicity which may naturally be drawn against one found present in a getaway car during or shortly after an armed robbery.

The defendant's other contention — that the trial judge's refusal to permit severance of the three indictments constituted an abuse of discretion — is without merit. "As a general proposition, the decision whether to allow a motion to sever two or more indictments which have been joined for purposes of trial rests in the sound discretion of the trial judge." *Commonwealth* v. *Jervis,* 368 Mass. 638, 645 (1975), and cases cited. Where, as in this case, "substantially the same evidence, or evidence connected with a single line of conduct" (*Commonwealth* v. *Rosenthal,* 211 Mass. 50, 54 [1912]) substantiates two or more indictments for "offenses [which] were kindred and liable to punishment of the same general character" (*Commonwealth* v. *Veal,* 362 Mass. 877 [1972]), there is no abuse of discretion in refusing to sever the indictments. Compare *Commonwealth* v. *Benjamin,* 3 Mass. App. Ct. 605, 626-627 (1975). See discussion in *Commonwealth* v. *Blow,* 362 Mass. 196, 200-201 (1972).

*Judgments affirmed.*