COMMONWEALTH *vs.* KEVIN R. BUTLER. May 11, 1979. From the defendant's bill of exceptions it is clear that the evidence introduced by the Commonwealth was insufficient to warrant the defendant's conviction of using a motor vehicle without authority in violation of G. L. c. 90, § 24(2)(a). Therefore, the denial of the defendant's motion for a directed verdict was error. It was no more than conjecture that the defendant had knowledge that the taxi involved in the accident was being used without authority or that he was either the operator of or a passenger in that vehicle. See *Commonwealth* v. *Boone,* 356 Mass. 85, 86-87 (1969); *Commonwealth* v. *Conway,* 2 Mass. App. Ct. 547, 554 (1974); *Commonwealth* v. *Johnson,* 6 Mass. App. Ct. 956 (1978). The fact that the defendant was observed running from the scene of a three-car accident, at which a number of people had gathered, was, at most, evidence of consciousness of guilt which, standing by itself, was insufficient to warrant the submission of the case to the jury. See *Commonwealth* v. *Fancy,* 349 Mass. 196, 201 (1965); *Commonwealth* v. *Spina,* 1 Mass. App. Ct. 805 (1973). Contrast *Commonwealth* v. *Johnson, ante* 191, 193 (1979). The judgment is reversed, the verdict is set aside and judgment is to be entered for the defendant.

*So ordered.*

*Richard A. Cutter* for the defendant.
*Susan C. Mormino,* Assistant District Attorney, for the Commonwealth.