COMMONWEALTH *vs.* MARIA MENDOZA. October 29, 1979. The defendant was convicted on an indictment charging her with being an accessory before the fact (G. L. c. 274, § 2) to the principal's unlawful distribution of a controlled substance, to wit: heroin. The only error assigned by the defendant is the denial of her motion for a directed verdict.

The defendant's argument that she was, at most, "a casual facilitator" (see, e.g., *Beckett* v. *United States*, 379 F.2d 863, 865 [9th Cir. 1967]) is easily refuted by viewing merely a small portion of the evidence in the light most favorable to the Commonwealth and drawing reasonable inferences therefrom. When the undercover officer indicated to the defendant that he was "looking to cop" (see *Commonwealth* v. *Rodriquez*, 364 Mass. 87, 89 [1973], wherein that phrase is judicially interpreted) the defendant called to the principal, who responded by sticking his head out a second-story window. Then the defendant, pointing to the undercover officer, said to the principal, "Take him." The jury could have inferred that these words were intended either to direct the principal to sell to the officer or to indicate approval of the officer as a buyer, because shortly thereafter a buzzer sounded, thereby unlocking a door which led to the second floor, where the officer bought heroin from the principal. See *Commonwealth* v. *Noons*, 2 Mass. App. Ct. 814 (1974). See also *Commonwealth* v. *Sitko*, 372 Mass. 305, 310 (1977). We thus think that the jury could properly have concluded that the defendant was associated with the illegal sale and had a "significant participation in it." *Commonwealth* v. *Morrow*, 363 Mass. 601, 609 (1973). See *Commonwealth* v. *Murphy*, 1 Mass. App. Ct. 71, 76 (1973). Compare *Commonwealth* v. *Alicia*, 6 Mass. App. Ct. 904 (1978).

*Judgment affirmed.*

The case was submitted on briefs.
*Joseph W. Monahan, III*, for the defendant.
*John J. Conte*, District Attorney, & *Leon R. Zitowitz*, Assistant District Attorney, for the Commonwealth.