# RESCRIPT OPINIONS.

COMMONWEALTH *vs.* PETER W. RYAN. June 4, 1982. The appeal is from convictions under G. L. c. 265, §§ 15B and 18. 1. The only question which requires any discussion is whether the defendant was harmed by an unsolicited instruction to the Superior Court jury on responsibility for participation in a joint enterprise when (as the Commonwealth all but concedes in its brief) the evidence was insufficient to warrant a finding of guilt on that theory. The case had not been tried on that theory, nor had the theory been suggested in either of the closing arguments. The victim named in the complaints had originally identified James Ryan (James) rather than the defendant as the person who had entered the store and attempted to rob him, and there was evidence from which the jury could find that the only other employee of the store had originally expressed some uncertainty as to whether it was the defendant or James whom he had followed out of the store. We are unable to conclude that the error was harmless because, on all the evidence, the effect of the instruction was to suggest to the jury that they need not decide which man had entered the store and that they could convict the defendant on both charges if they should find nothing more than that he had been seen in the passenger seat of the getaway car driven by James and had joined the latter in giving the arresting officers a false account of where the two of them had been. See *Commonwealth* v. *Fancy,* 349 Mass. 196, 200-201 (1965); *Commonwealth* v. *Perry,* 357 Mass. 149, 150-152 (1970); *Commonwealth* v. *Murphy,* 1 Mass. App. Ct. 71, 75-77 (1973). Contrast *Commonwealth* v. *Drew,* 4 Mass. App. Ct. 30, 30-33 (1976); *Commonwealth* v. *Amaral,* 13 Mass. App. Ct. 238, 239-244 (1982). 2. The only other questions which have been argued will not arise at any retrial if the prosecutor severs the mugshots and crops what may be height lines (see *Commonwealth* v. *Blaney,* 12 Mass. App. Ct. 730, 732-735 [1981], further appellate review granted, 385 Mass. 1101 [1982]) and if the judge affords the defendant an opportunity to prove by competent evidence when the mugshots were taken.

*Judgments reversed.*

*Verdicts set aside.*

*Brownlow M. Speer* for the defendant.

*Carmel A. J. Motherway,* Assistant District Attorney, for the Commonwealth.