COMMONWEALTH *vs.* DENNIS SHELTON. No. 93-P-650. December 12, 1994. *Practice, Criminal*, Severance, Required finding, Indictment, Argument by prosecutor, Assistance of counsel. *Homicide. Malice. Witness*, Cross-examination, Redirect examination.

The defendant appeals from his convictions of murder in the second degree, armed assault with intent to rob, and assault and battery by means of a dangerous weapon. Upon review of all the issues raised in the defendant's principal brief and his supplemental brief, we conclude that no such error was committed at trial as would cause us to reverse his judgments of conviction. We treat each claim of error in turn.

1. *Misjoinder.* The determination whether joinder at trial of related offenses is appropriate is "committed to the sound discretion of the trial judge." *Commonwealth* v. *Montanez*, 410 Mass. 290, 303 (1991). *Commonwealth* v. *Hrycenko*, 31 Mass. App Ct. 425, 433 (1991). To determine whether a judge has abused his discretion, it is necessary to "look to see whether joinder has resulted in prejudice to the defendant or whether his substantive rights have been adversely affected." *Commonwealth* v. *Kenneally*, 10 Mass. App. Ct. 162, 180 (1980). The defendant "bears the burden to show that prejudice will result from the failure to sever and that such prejudice is beyond the curative powers of the court's instructions." *Commonwealth* v. *Anolik*, 27 Mass. App. Ct. 701, 706 (1989), quoting from *Commonwealth* v. *Helfant*, 398 Mass. 214, 230 (1986). The defend-

ant has not shown an abuse of discretion or otherwise demonstrated that the judge erred. See *Commonwealth* v. *McCants*, 25 Mass. App. Ct. 735, 743 (1988). As the events in question grew out of a single line of conduct, joinder was proper. See, e.g., *Commonwealth* v. *Drew*, 4 Mass. App. Ct. 30, 33 (1976). The same type of behavior by the defendant that resulted in the death of Greg White — the defendant's ongoing search for money or drugs, and use of threats and a gun — continued throughout the late night and early morning hours of January 8 and 9, 1990, and was demonstrated in both the conversations with Colleen Montalvo and the assault upon Naomi Papale; all occurred within a few hours and within a short distance from the shooting and may be viewed as part of the same criminal episode. See *Commonwealth* v. *Gallison*, 383 Mass. 659, 671-673 (1981); *Commonwealth* v. *Hoppin*, 387 Mass. 25, 33 (1982).

2. *Sufficiency of the evidence.* The trial judge properly denied the defendant's motion for a required finding of not guilty.

(a) Viewed in a light most favorable to the Commonwealth, ample evidence was adduced of malice aforethought with the intent to cause grievous bodily injury to allow the jury to find the defendant guilty of murder in the second degree. Evidence that the defendant used a dangerous weapon, i.e., a firearm, in the killing of Greg White provides sufficient evidence of malice to support a verdict of guilty. See *Commonwealth* v. *Colon-Cruz*, 408 Mass. 533, 546-47 (1990); *Commonwealth* v. *Colantonio*, 31 Mass. App. Ct. 299, 311 (1991).

Further, the jury could draw appropriate inferences of the defendant's consciousness of guilt from his flight from the rooming house at 5 King Street, his lack of "normalcy" in viewing the police activity across King Street as the police began their investigation into White's death, his denial of residency at 6 King Street, and his relocation to an unlit, unoccupied basement at 6½ King Street. See *Commonwealth* v. *Lavalley*, 410 Mass. 641, 649 (1991). See also *Commonwealth* v. *Roberts*, 407 Mass. 731, 735 (1990).

(b) There was no prejudicial variance in the trial from the indictment. An indictment should not be dismissed if the offense is charged "with sufficient clarity to show a violation of law and to permit the defendant to know the nature of the accusation against him." *Commonwealth* v. *Green*, 399 Mass. 565, 566 (1987). Nor should a defendant be acquitted on the ground of variance if the essential elements of the crime are correctly stated, unless he is thereby prejudiced in his defense. See G. L. c. 277, §§ 34 & 35. See also *Commonwealth* v. *Whitehead*, 379 Mass. 640, 648 (1980). Here, the defendant had knowledge before trial of all the essential facts which might have been obtained from a bill of particulars. As there has been no showing of prejudice, dismissal was not required.

The Commonwealth is not required to specify in answer to a request for a bill of particulars the type of murder it intends to prove, nor the theory under which it intends to proceed. See *Commonwealth* v. *Williams*, 364

Mass. 145, 149 (1973); *Commonwealth* v. *Burden*, 15 Mass. App. Ct. 666, 682 (1983).

The submission of the case to the jury on a theory of murder with malice rather than felony-murder after a directed verdict was entered on the armed robbery charge did not create a substantial risk of a miscarriage of justice because the defense was misidentification, equally applicable to both theories. Defense counsel has pointed to no evidence that could have been presented that would have warranted an instruction on manslaughter.

3. *Closing argument.* Viewed in its entirety, together with the evidence adduced at trial and the jury instructions, the prosecutor's closing remarks, based upon reasonable inferences drawn from the evidence, did not constitute error, let alone create a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Lamrini*, 392 Mass. 427, 431 (1984). See also *Commonwealth* v. *Kozec*, 399 Mass. 514, 518 n.8 (1987)

4. *Examination of witnesses.* (a) The trial judge properly limited, on grounds of remoteness, the defendant's examination of Papale as to bias where the evidence adduced showed her to have had a social relationship with a police officer, who was not involved in the investigation, two years prior to the defendant's assault upon the witness.

(b) The prosecutor properly could clarify Papale's criminal history on redirect examination, where on cross-examination the defendant had sought to show that Papale was receiving favorable treatment from the Commonwealth in exchange for her testimony. See *Commonwealth* v. *Jackson*, 384 Mass. 572, 584-585 (1981); *Commonwealth* v. *Mandeville*, 386 Mass. 393, 399-400 (1982).

5. *Motion for new trial.*

(a) *Ineffective assistance of counsel.* The trial judge committed no abuse of discretion, see *Commonwealth* v. *Cook*, 380 Mass. 314, 320-321 (1980), in denying the defendant's motion for a new trial based upon a claim of ineffective assistance of counsel and prosecutorial misconduct.

(i) The defendant claims his trial counsel failed to impeach both Papale and one Carolyn Walker, either by use of their criminal records or by exposing bias arising from a social relationship. As to the alleged bias, it cannot reasonably be asserted that trial counsel was ineffective when he failed to pursue a matter that was determined to be inadmissible. See *Commonwealth* v. *Gaeten*, 15 Mass. App. Ct. 524, 533 (1983); *Commonwealth* v. *Crowley*, 29 Mass. App. Ct. 1, 10 (1990). As to the criminal records, there has been no showing as to how use of the record might have afforded the defendant a "substantial ground of defence." *Commonwealth* v. *Sylvester*, 400 Mass. 334, 341 (1987), quoting from *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). See also *Commonwealth* v. *Moran*, 388 Mass. 655, 660 (1983). Thus, the defendant's claim in those respects must fail.

(ii) Trial counsel was not ineffective in not requesting a continuance where the delay, if any, in the discovery of a witness's statement did not

deprive the defendant of "a substantial ground of defense." *Commonwealth* v. *Sylvester, supra.* The defendant has not demonstrated that, with earlier knowledge of the witness's statement, he would have prepared and presented his case differently so as to create a reasonable doubt that otherwise would not have existed. See *Commonwealth* v. *Redding*, 382 Mass. 154, 156 (1980).

(iii) The hearsay statement that the police were asking questions because they had information that Rodney St. John had given a weapon to the defendant was not critical to the defendant's case because both Papale and Walker identified the defendant as having a firearm in his possession. Here the defendant was not prejudiced by the unobjected-to hearsay evidence.

(iv) The defendant contends that trial counsel's statement in a postconviction letter attached to the defendant's amended motion for release from unlawful confinement that "I have good reason to believe that both of these individuals [Naomi Papale and Sergeant Dennis Towner] perjured themselves" contained "sufficient indicia of truthfulness to warrant an evidentiary hearing." Passing the question whether this contention rises to the level of proper appellate argument within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), the defendant has made no showing as to what might have constituted perjury.

(v) The defendant's assertion that counsel was ineffective in not seeking to introduce evidence of the alleged social relationship between two witnesses approximately two years prior to trial is also unavailing for the reason, if no other, that the evidence was not relevant to the matters on trial. See *Commonwealth* v. *Weichel*, 403 Mass. 103, 105-106 (1988) (no abuse of discretion in excluding proffered evidence where it had little relevance to bias and invited misuse by the jury). See also *Commonwealth* v. *Haywood*, 377 Mass. 755, 758-763 (1979); *Commonwealth* v. *Brown*, 394 Mass. 394, 397-398 (1985). The defendant fails to show that trial counsel was ineffective.

(vi) The Pamela Watters identification, to which the defendant did not object at trial, was cumulative of other evidence presented, as was the Papale identification evidence. Watters' physical description of the individuals she had seen, combined with the observations by the witnesses Derrick Holmes and Willie Bethea immediately after the shooting, provided sufficient evidence to allow the jurors to infer that the two individuals, known to and described by Holmes and Bethea, were the same individuals described by Watters, so that her identification evidence was cumulative of the other identifications made. See, e.g., *Commonwealth* v. *Westerman*, 414 Mass. 688, 698 (1993); *Commonwealth* v. *LaPlante*, 416 Mass. 433, 442-443 (1993). As a result, the defendant has not shown that if a pretrial motion had been filed, something material would have been made available to the defendant and that trial counsel's failure to file such a motion constituted conduct falling measurably below that which might be expected

from an ordinary fallible lawyer. See *Commonwealth* v. *Levasseur*, 32 Mass. App. Ct. 629, 635 (1992).

(b) *Prosecutorial misconduct.*

The defendant has failed to show any indication of perjury by Papale, nor has defendant shown any falsity in her testimony. Absent some showing of falsehood in Papale's testimony, or some knowledge of falsehood held by the prosecutor, we may not permissibly find that there has been misconduct on the part of the prosecutor for knowingly using false or misleading evidence. Contrast *Commonwealth* v. *Collins*, 386 Mass. 1, 9 (1982); *Commonwealth* v. *Johnson*, 21 Mass. App. Ct. 28, 41 (1985). Nor was there a sufficient showing to require a hearing on this issue.

6. *Issues raised in defendant's supplemental brief.* (a) The defendant has not demonstrated that his trial counsel's performance fell below that of an ordinary fallible lawyer and thereby deprived him of a substantial ground of defense. (i) Trial counsel's cross-examination of Commonwealth witness Derrick Holmes was appropriate and effective. (ii) Carolyn Walker's statement was properly admitted, and the defendant's trial counsel effectively cross-examined her. (iii) Contrary to the defendant's assertion, trial counsel did argue the defendant's motion for directed findings of not guilty on all charges.

(b) As to the defendant's last claim, we need merely say that as the evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt, the trial judge did not abuse his discretion in denying without a hearing the defendant's amended motion for release from unlawful restraint.

*Judgments affirmed.*
*Order denying motion for new*
*trial affirmed.*

*John M. Thompson* for the defendant.
*Phillip E. Shea*, Assistant District Attorney, for the Commonwealth.