COMMONWEALTH *vs.* ADRIENNE M. WHITE. No. 94-P-1407. July 26, 1995. *Controlled Substances.*

The evidence that the defendant was a friend of the sellers, that she directed the buyer (an undercover police officer) to the sellers, accompanied him to their apartment, and remained while the sale of cocaine was being made, coupled with the evidence that she expected to be paid for her role in the transaction (although she received nothing and had no agreement to receive anything from the buyer) justify an inference that the defendant was "associated with the illegal sale and had a 'significant participation in it,' " *Commonwealth* v. *Mendoza*, 8 Mass. App. Ct. 919 (1979), quoting from *Commonwealth* v. *Morrow*, 363 Mass. 601, 609 (1973). Thus, the motion for a required finding of not guilty was properly denied.

We need not consider, therefore, the Commonwealth's contention that the defendant, even if shown to be only a procurring agent for the buyer, could nevertheless be found guilty under an indictment, such as this one, charging distribution, as contrasted with an indictment charging sale. Compare *Commonwealth* v. *Noons*, 2 Mass. App. Ct. 814, 815 (1974), and *Commonwealth* v. *Murillo*, 32 Mass. App. Ct. 379, 381-382 (1992), both involving distribution indictments, with *Commonwealth* v. *Harvard*, 356 Mass. 452, 456-457 (1969), dealing with an indictment charging sale.

*Judgment affirmed.*

*Laurel H. Brandt* for the defendant.
*Irit Tamir*, Assistant District Attorney, for the Commonwealth.