Saraya SIM, Petitioner,

v.

Paul DiPAOLO, Respondent.

Civil Action No. 96–10131–EFH.

United States District Court, D. Massachusetts.

Oct. 29, 1997.

---

Saraya Sim, Norfolk, MA, pro se.

Matthew H. Feinberg, Segal & Feinberg, Boston, MA, for Petitioner.

Susanne G. Levsen, Assistant Attorney General, Criminal Bureau, Boston, MA, for Respondent.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This is a Petition for a Writ of Habeas Corpus brought by Saraya Sim, who was convicted on one count of second degree murder as a joint venturer in the felony murder of Cheang Lei and on two counts of armed robbery.

In March, 1991, an Essex County Grand Jury indicted the petitioner for first degree murder and two counts of armed robbery. The petitioner was tried on these counts in November, 1992 in the Massachusetts Superior Court. After hearing all of the evidence, the jury was not able to reach a verdict. The presiding judge declared a mistrial.

Petitioner was retried in June, 1993. On June 15, 1993, a jury found the petitioner guilty of second degree murder and two counts of armed robbery. As a result, the petitioner was sentenced to three concurrent life terms.

The petitioner appealed this verdict to the Massachusetts Appeals Court. A unanimous panel of the Appeals Court affirmed the conviction. The Appeals Court specifically held that the evidence was sufficient for a jury to find that the petitioner was a joint venturer in the felony murder. *Commonwealth v. Sim*, 39 Mass.App.Ct. 212, 213, 654 N.E.2d 340 (1995). The petitioner sought further review before the Massachusetts Supreme Judicial Court. On October 31, 1995, the Supreme Judicial Court denied further review. *Commonwealth v. Sim*, 421 Mass. 1105, 656 N.E.2d 1258 (1995). Petitioner now seeks a Writ of Habeas Corpus in this Court under 28 U.S.C. § 2254 on grounds of evidentiary insufficiency violative of his due process rights under the Fourteenth Amendment.

When examining a Petition for a Writ of Habeas Corpus challenging the sufficiency of the evidence, "the relevant question is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Stewart v. Coalter*, 48 F.3d 610, 614 (1st Cir.1995). The review of such a petition must be conducted "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16, 99 S.Ct. at 2792 n. 16. The state offense, as defined by its essential elements, is the standard against which the sufficiency of the evidence is to be measured. Accordingly, I turn to the elements of the offense for which the petitioner was convicted.

At the time of the petitioner's trial and appeal, the test for joint venture in Massachusetts was "whether the defendant was (1) present at the scene of the crime, (2) with knowledge that another intends to commit the crime or with intent to commit a crime, and (3) by agreement was willing and available to help the other if necessary." *Commonwealth v. Longo*, 402 Mass. 482, 486, 524 N.E.2d 67 (1988).[1]

---

1. In 1997, the Massachusetts Supreme Judicial      Court provided an alternative to this three-part

■ According to Massachusetts law, felony murder is an unlawful killing committed during the commission of an inherently dangerous felony. *See* Mass.Gen.L. ch. 265, § 1 (1988 ed.); *Commonwealth v. Scott,* 408 Mass. 811, 820, 564 N.E.2d 370 (1990). The rule of felony murder substitutes the intent to commit the underlying felony for the malice aforethought required in an ordinary murder case. *Commonwealth v. Halbert,* 410 Mass. 534, 537, 573 N.E.2d 975 (1991).

■ Reading together the requirements of proof for joint venture and felony murder, Massachusetts law requires that the Commonwealth prove that a joint venturer was present at the scene where an unlawful killing resulted from the commission of an inherently dangerous felony. In the instant case, the petitioner denies that he was present at the scene of the crime. Thus, the central question in this petition, is whether there was sufficient evidence for any rational juror to find beyond a reasonable doubt that the petitioner was present at the scene of the felony murder.

In analyzing this question, I rely upon the facts as reported by the Massachusetts Appeals Court in *Commonwealth v. Sim,* 39 Mass.App.Ct. 212, 654 N.E.2d 340 (1995). In applying these facts to the law, I afford *de novo* review to the legal claim raised by the petitioner. *Stewart v. Coalter,* 48 F.3d 610, 614 (1st Cir.1995).[2]

Although the case does not directly address the issue of joint venture, the petitioner relies upon *Commonwealth v. Perry,* 357 Mass. 149, 256 N.E.2d 745 (1970), to support his claim that there was insufficient evidence to find that he was present. In *Perry,* the Massachusetts Supreme Judicial Court overturned the robbery conviction of a defendant holding that the evidence of his involvement in the crime was insufficient to establish that he was an accessory before the fact or a principal in the armed robbery.

The petitioner's conduct in the instant case is distinguishable from *Perry* in three important respects. First, in this case, the petitioner was physically present at the crime scene both immediately before and immediately after the felony murder occurred. Second, in this case, the petitioner provided assistance to the principals both before and after the felony murder occurred. Before the felony murder, the petitioner aided the principals by suggesting the victims, leading the principals to the crime scene, and unlocking the front door to the building where the felony murder took place. After the felony murder, the petitioner aided in the escape of the principals by lying to police investigators. Finally, the petitioner in this case, unlike the defendant in *Perry,* had access to a vehicle which could have been used to assist in the principals' escape. These distinctions remove the petitioner's case from the limited holding of *Perry.*

The more recent case of *Commonwealth v. Mahoney,* 405 Mass. 326, 540 N.E.2d 179 (1989) is closer to the case at bar. In *Mahoney,* the Massachusetts Supreme Judicial Court directly addressed the issues of presence and joint venture in upholding the guilty verdict of a female defendant who had been convicted as a *joint venturer* in a breaking and entering committed by her husband. He had broken into a pharmacy and set off an alarm at approximately 2:30 A.M. She was observed by the police in a motor vehicle at various locations within a mile of the crime scene between 1:00 A.M. and 5:00 A.M.

In both *Mahoney* and the case at bar, an inference could be drawn that the defendant drove an automobile which was available to

---

test. *Commonwealth v. Ortiz,* 424 Mass. 853, 856, 679 N.E.2d 1007 (1997). In *Ortiz,* the Court stated that the Commonwealth could establish joint participation by proving that a defendant "aided in the commission of the felony, or was an accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed." *Id.* at 856, 679 N.E.2d 1007. I will not consider this alternative method of proving joint venture since the petitioner's case was tried and argued on appeal based on the tripar-

tite *Longo* test. *See Cola v. Reardon,* 787 F.2d 681, 696–697 (1st Cir.1986).

**2.** The petitioner's Habeas Corpus Petition was filed on January 24, 1996, several months prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the AEDPA standard of review is inapplicable to this petition. *Lindh v. Murphy,* —— U.S. ——, ——, 117 S.Ct. 2059, 2061, 138 L.Ed.2d 481 (1997).

assist the principals in their escape from the scene. In addition, in both cases, the defendant assisted the principals' escape by lying to the police. Most importantly, in both cases, the evidence was sufficient to permit an inference that the defendant was at or near the crime scene before, during, and after the crime was committed.

In light of the expansive interpretation of the presence requirement in *Mahoney* and the significant burden borne by a habeas corpus petitioner under *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), I deny this petition. After viewing the evidence in the light most favorable to the Commonwealth, I rule that the petitioner has failed to meet his burden of establishing that no rational jury could have found him present at the scene of the crime beyond a reasonable doubt. The petition is dismissed.

SO ORDERED.