COMMONWEALTH vs. PAUL W. BENDERS.

Suffolk. April 3, 1972. — May 1, 1972.

Present: TAURO, C.J., SPIEGEL, BRAUCHER, & HENNESSEY, JJ.

*Practice, Criminal,* Charge to jury, Requests, rulings and instructions. *Joint Enterprise.*

On the record of a criminal proceeding for assault and battery with a dangerous weapon, wherein proof of defendant's guilt rested on the jury's finding that, after a group theft at a store, the defendant was jointly engaged with his companions in attacks upon the store owner outside the store, the trial judge's charge to the jury was in error in that it might have led the jury to believe that the critical joint venture was the group theft from the store instead of the group assault, that the charge emphasized disengagement from an established joint venture rather than the necessity of establishing a joint venture to attack the storeowner, and that the charge did not clearly present to the jury the crucial distinction between one's mere presence at the commission of a wrongful act, which does not render him liable as a participant, and his active participation in the commission of the act, which makes him part of a joint venture and therefore liable as a participant. [707–709]

INDICTMENT found and returned in the Superior Court on December 10, 1970.

The case was tried before *DeSaulnier, J.*

*Mary C. Kingsley (Reuben Goodman* with her) for the defendant.

*John M. Lynch,* Assistant District Attorney, for the Commonwealth.

BRAUCHER, J. The defendant was convicted of assault and battery by means of a dangerous weapon. The case is here on the defendant's exceptions (1) to a portion of the charge to the jury and (2) to the denial of his requests for supplementary instructions to the jury. The other exceptions in the defendant's bill were not argued on appeal and are deemed waived. S. J. C. Rule 1:13, 351 Mass. 738.

We summarize the Commonwealth's evidence. The victim, Donald H. Anderson, a book and variety store owner,

testified that he saw the defendant talking with one of his employees in his store and said, "Come on boy. Get out of there." The defendant, angered at what he considered a racial remark, came out to the hall with two others and an argument ensued. The victim told them to get out. They did, taking candy and ice cream on the way without paying. The victim pursued them out of the store and up the street, but stopped when he saw one of the defendant's companions, not the defendant, with a bottle. The victim was then hit in the ribs by a coke can and in the leg by an empty soda bottle. A policeman, while patroling in a car, noticed the victim fallen against a store window with three youths "closing in on him." As the car pulled up, two youths ran in one direction, while one ran in the other direction. Returning from a futile chase of one of the youths, the policeman apprehended the defendant, who was moving quickly toward him. The defendant offered no resistance and denied throwing anything. He was brought back to where the victim was sitting and the victim identified him. Some candy and ice cream were in his possession.

The defendant's testimony was for the most part consistent with the above summary. He testified, however, that one of his companions, Donald Waters, persisted in arguing when the defendant left the store with the third youth, Raymond Morris. Unable to catch Waters, the victim grabbed the defendant and threw him to the ground, causing him to drop a coat. The victim then chased Morris. The defendant got up and ran so as to get in front of the victim, and he and Morris told Waters to leave the victim alone. After Waters hit the victim with the bottle, the defendant ran out to the street to retrieve his coat. The defendant did not run away, but walked back to the victim and the policeman.

We set forth in the margin the portion of the charge to the jury relating to joint venture.[1] At the close of the

[1] The judge gave the following instruction as to joint venture: "The only other aspect here is the theory of the law known as 'joint venture.' We have a theory that a principal and someone who is

charge, the defendant excepted to the judge's refusal to give a supplementary instruction that "mere presence is not enough," that they must find that the defendant "was actively engaged in a common enterprise" to commit assault and battery by means of a dangerous weapon.[2] The defendant also excepted to that portion of the charge stating that it was a question whether the jury believed the Commonwealth's evidence or the defendant's evidence.[3] The defendant requested a supplementary instruction on this point,[4] and excepted to the judge's refusal to give it.

---

not a principal can be jointly liable or jointly guilty if they are engaged in a common enterprise. And the classic example, of course, is the bank robber, where two people go in, there's one outside the bank and one sitting in the car ready for the getaway if the man inside the bank fires a pistol and kills one of the tellers, all four can be charged with murder in the first degree because they are engaged in a joint venture and the one outside can be equally as guilty as the one who pulls the trigger. In this instance, it is for you to determine — and I'll not review the evidence — whether or not all three of these individuals were engaged in a joint enterprise. Of course, if they were all involved in making an assault upon this particular victim and none of them tried to stop the other or to disengage himself from the joint venture, one or all three of them could be charged with the crime of assault and battery by means of a dangerous weapon. If you say that one did not remain in the venture but disengaged himself from the joint venture, of course, he would not be responsible. But as long as he is jointly engaged with another accomplice or more than one accomplice in one common end, he could be found guilty of the crime of assault and battery by means of a dangerous weapon."

[2] "Your Honor, I would respectfully request your Honor to instruct the jury that mere presence is not enough, they must find more specifically more than the mere presence of the defendant at the alleged crime, they must find he was actively engaged in a common enterprise, to commit assault and battery by means of a dangerous weapon upon Mr. Anderson."

[3] "Of course, if you believe the Commonwealth's case, you should be warranted in finding the defendant guilty of the crime charged. Conversely, if you believe the defendant's story, you would be warranted in finding him not guilty. What you have to do is to search for the truth from all of the evidence that's before you. . . . What we come down to, ladies and gentlemen, is to search for the truth. If you believe the Commonwealth, you would be warranted in finding the defendant guilty. If you believe the defendant, you would be warranted in finding him not guilty. You will search for the truth. It's for you to determine where the truth lies."

[4] The defendant requested that the jury be instructed that it "can believe the Commonwealth's evidence as well as the defendant's evidence and still arrive at a verdict of not guilty. It is not simply a test of whether they believe the Commonwealth's evidence or whether they believe the defendant."

Rule 71 of the Superior Court (1954) requires that requests for instructions shall be made in writing before the closing arguments unless special leave is given to present them later. Failure to obtain special leave, however, is not fatal in the present circumstances. "The assumption may be indulged that the salient points of the case will be adequately covered by the charge; but if at its close, substantial omissions or errors are observed, the attention of the judge may be drawn to them, and upon refusal or neglect to give correct and adequate instructions upon important factors in the case, the right to exceptions thus adequately protects the rights of the parties." *Commonwealth* v. *Hassan,* 235 Mass. 26, 32. *Commonwealth* v. *Moore,* 323 Mass. 70, 77.

The question before us is, therefore, whether there was a substantial error or omission in the charge. If a salient point of the case was not adequately covered and the attention of the judge was called to that fact at the close of the charge, the exceptions must be sustained. The test of the charge is the impression created by it as a whole, and much must be left to the discretion of the judge. *Commonwealth* v. *Pinnick,* 354 Mass. 13, 15. *Commonwealth* v. *Kelley,* 359 Mass. 77, 92. By stipulation of the parties the record has been supplemented by the transcript of the entire charge, and we have considered it in its entirety. We are not required to consider whether isolated portions of the charge were adequate, or whether the instructions requested by the defendant were correct statements of law.

The issue of joint venture appears to have been the principal contested issue in the case. It was undisputed that the defendant and two others had an argument with the victim in the victim's store, that they stole candy and ice cream, and that the victim pursued them. There was no claim that the defendant threw anything at the victim, but no denial that the defendant was present when one of his companions committed the assault. In these circumstances it was essential to conviction that the defendant and his companions were jointly engaged in the com-

mission of the assault and that the defendant associated himself with that venture and participated to some extent in the commission of that offence. *Commonwealth* v. *Stasiun,* 349 Mass. 38, 49. There was evidence sufficient to warrant the jury in inferring the necessary intent and participation. See *Commonwealth* v. *Medeiros,* 354 Mass. 193, 198, and cases cited; *Commonwealth* v. *Pina,* 360 Mass. 139, 143, and cases cited. But mere presence at the commission of the wrongful act and even failure to take affirmative steps to prevent it do not render a person liable as a participant. *Brown* v. *Perkins,* 1 Allen, 89, 98. See *United States* v. *Peoni,* 100 F. 2d 401, 402 (2d Cir.) ; *Bailey* v. *United States,* 416 F. 2d 1110, 1113 (D.C. Cir.), and cases cited; *United States* v. *Kelton,* 446 F. 2d 669, 671 (8th Cir.) ; *People* v. *Tillman,* 130 Ill. App. 2d 743, 750–751; *Jones* v. *Commonwealth,* 208 Va. 370, 373–374. The distinction between participation and mere presence was never clearly presented to the jury. The emphasis in the charge was on disengagement from an established joint venture, rather than on the necessity of establishing the joint venture. The jury may well have understood, erroneously, that the critical joint venture was a group theft from the store instead of a group assault on the victim. Such a misunderstanding was also encouraged by the judge's use of an example involving a lookout and a getaway driver in a bank robbery. Likewise, the judge's emphasis on the choice between believing the Commonwealth and believing the defendant tended to divert attention from the defendant's principal contention, that he never consented to or participated in an assault and battery with a dangerous weapon. The jury could have believed all of the testimony on behalf of the Commonwealth and still accepted that contention.

Thus the charge as a whole was substantially misleading as to a salient point of the case. The attention of the judge was drawn to that fact at the close of the charge, and he refused to give adequate instructions on the point. The exceptions must therefore be sustained. Compare *Commonwealth* v. *Aronson,* 330 Mass. 453, 457; *Common-*

*wealth* v. *Greenberg,* 339 Mass. 557, 585; *Commonwealth*
v. *Kelley,* 359 Mass. 77, 92. See *Bell* v. *Dorchester The-*
*atre Co.* 308 Mass. 118, 123–124.

*Exceptions sustained.*