COMMONWEALTH *vs.* BENJAMIN GOMES. Decided December 1, 1977. 1. Taken in the light most favorable to the Commonwealth (*Commonwealth* v. *Kelley,* 370 Mass. 147, 149-150 [1976]), the evidence offered by the prosecution was sufficient to warrant a finding that the defendant was acting in concert with Underwood when the latter stole Keating's wallet. This aspect of the case is governed in principle by such cases as *Commonwealth* v. *Scott,* 355 Mass. 471, 473-475 (1969), rather than by such cases as *Commonwealth* v. *Fancy,* 349 Mass. 196, 198-200 (1965), and *Commonwealth* v. *Murphy,* 1 Mass. App. Ct. 71, 72-73, 76-77 (1973). 2. A study of the charge as a whole (*Commonwealth* v. *Ramey,* 368 Mass. 109, 114-115 [1975]) reveals a substantial risk of a miscarriage of justice (*Commonwealth* v. *Freeman,* 352 Mass. 556, 563-564 [1967]) which can be obviated only by granting the defendant a new trial. There were "successive and opposed sets of instructions" (*Commonwealth* v. *Corcione,* 364 Mass. 611, 616 [1974]) on the Commonwealth's burden of proof. The instruction concerning liability for participating in a felony murder was substantially misleading and should not have been employed in a prosecution for an uncomplicated larceny from a person. *Commonwealth* v. *Benders,* 361 Mass. 704, 705 n.1, 708 (1972). The other example of acting in concert which was given by the judge failed to posit knowledge on the part of the supposed participants that the principal actor was engaged in something illegal. Other problems are not likely to be encountered at a new trial.

*Judgment reversed.*

*Verdict set aside.*

*Margaret Hayman* for the defendant.
*Edward M. Burns,* Legal Assistant to the District Attorney (*Joseph E. Coffey,* Assistant District Attorney, with him) for the Commonwealth.