COMMONWEALTH vs. ALEXIA E. CHINN.

Hampden.    October 12, 1978. — December 4, 1978.

Present: HALE, C.J., ROSE, & BROWN, JJ.

*Practice, Criminal,* Directed verdict. *Joint Enterprise. Receiving Stolen Goods.*

At the trial of a defendant charged with forgery, attempted larceny, and receiving stolen goods, evidence that she was present in an automobile, the driver of which attempted to cash a forged and stolen check, and that one of the other persons in the automobile had in his pocket other forged and stolen checks bearing the defendant's name as payee was insufficient to warrant submitting the case to the jury on a theory of joint enterprise. [715–718]

INDICTMENTS found and returned in the Superior Court on March 11, 1977.

The cases were tried before *Moran, J.,* a District Court judge sitting under statutory authority.

*Stephen W. Silverman* for the defendant.

*John T. McDonough,* Assistant District Attorney, for the Commonwealth.

HALE, C.J. The defendant has appealed (G. L. c. 278, §§ 33A–33G) from her convictions on indictments charging forgery, attempted larceny, and that she "did buy, receive and aid in the concealment" of certain stolen goods. The Commonwealth presented evidence that on November 24, 1976, the handbag of one Nizamis, containing checkbooks on accounts at the Valley Bank and Trust Company and at the Third National Bank of Hampden County, was stolen. Nizamis notified both banks and the police of the theft.

At approximately 5:20 P.M. on the same day a car with four persons in it approached the drive-up window of the

Valley Bank and Trust Company. The driver, one Anderson, attempted to cash a check made payable to him that was drawn on Nizamis' account. Anderson also handed the teller his driver's license. The teller recognized the check as one reported to have been stolen and caused a police officer who was in the area to be called. The officer approached the car and told the driver to turn off the engine. The car then lunged forward but stopped when the officer drew his revolver and called out, "Stop, or I'll shoot."

One Lockett was seated beside Anderson in the front seat. The defendant was seated in the back seat behind Anderson with one Jackson to her right. All four were arrested. Two checkbooks were found in Jackson's pocket. Two of the checks were made out to the defendant as payee and bore Nizamis' forged signature.[1]

All four persons were convicted, but only the defendant has appealed. She assigns as error (1) the admission in evidence against her of the items seized from Jackson and (2) the denial of her motion for directed verdicts made at the close of the Commonwealth's case.

We need consider only the denial of the defendant's motion for directed verdicts. We assume, without deciding, that all questions touching on the admissibility of evidence would be resolved in favor of the Commonwealth. See *Commonwealth* v. *Fancy*, 349 Mass. 196, 198 (1965). The only question raised at trial by a motion for a directed verdict is whether the evidence is sufficient to warrant the submission of the case to the jury. *Commonwealth* v. *Altenhaus*, 317 Mass. 270, 271 (1944). *Commonwealth* v. *Gallagher*, 4 Mass. App. Ct. 661 (1976). The appropriate standard of review on appeal is whether the evidence, considered in the light most favorable to the

---

[1] We have not summarized the evidence presented after the close of the Commonwealth's case or evidence which was not admitted against the defendant. A review of such evidence is unnecessary to our decision in this case. See *Commonwealth* v. *Kelley*, 370 Mass. 147, 150 (1976).

Commonwealth (*Commonwealth* v. *Sandler*, 368 Mass. 729, 740 [1975]), was sufficient for the jury to infer the existence of the essential elements of the offenses charged in the indictments. *Commonwealth* v. *Sandler, supra. Commonwealth* v. *Nichols*, 4 Mass. App. Ct. 606, 613 (1976). The inferences drawn by the jury need not be necessary or inescapable, as long as they are reasonable, possible, and not unwarranted because too remote from the ordinary course of events. *Commonwealth* v. *Albano*, 373 Mass. 132, 134–135 (1977). *Commonwealth* v. *Beckett*, 373 Mass. 329, 341 (1977).

We conclude that the trial judge should have allowed the motion. The Commonwealth based its case against the defendant on a theory of joint enterprise. Compare *Commonwealth* v. *Perry*, 357 Mass. 149, 151 (1970); *Commonwealth* v. *Mangula*, 2 Mass. App. Ct. 785, 788–789 (1975). The requirements for criminal liability in a joint enterprise are met by a showing that the defendant "intentionally assisted the principal in the commission of the crime and that [s]he did this, sharing with the principal the mental state required for that crime." *Commonwealth* v. *Richards*, 363 Mass. 299, 307–308 (1973). Thus, the Commonwealth must show that the defendant participated to some extent in the commission of the offense. *Commonwealth* v. *Benders*, 361 Mass. 704, 707–708 (1972). *Commonwealth* v. *Mangula*, 2 Mass. App. Ct. at 792–793. Participation may be proved by evidence that the defendant counselled, hired, or otherwise procured principals, rendered aid, assistance or encouragement, or placed himself in a position where he could render aid in the commission of the crimes or assist in the escape from the scene. *Commonwealth* v. *Perry*, 357 Mass. at 151–152. *Commonwealth* v. *Murphy*, 1 Mass. App. Ct. 71, 77 (1973). *Commonwealth* v. *Gallagher*, 4 Mass. App. Ct. at 664. Even if the defendant acquiesced in the commission of the crimes but did nothing more, that alone would not render her liable for her substantive offense. *Commonwealth* v. *French*, 357 Mass. 356, 391 (1970), judgments vacated as

to death penalty sub nom. *Limone* v. *Massachusetts,* 408 U.S. 936 (1972), and authorities cited.

The only evidence produced against the defendant was evidence of her presence in the car with the others and of checks bearing her name as payee that were recovered from Jackson's pocket. Mere presence at the scene of a crime does not result in liability as a participant. *Commonwealth* v. *Benders,* 361 Mass. at 708. *Commonwealth* v. *Michel,* 367 Mass. 454, 457 (1975). See *Commonwealth* v. *Conroy,* 333 Mass. 751, 755 (1956). "The necessity for proving facts other than presence has been explained as 'an essential safeguard against the ever present danger of assuming the complicity of all in attendance whenever group activity is involved.'" *United States* v. *Kelton,* 446 F.2d 669, 671 (8th Cir. 1971), quoting from *United States* v. *Barber,* 429 F.2d 1394, 1397 (3d Cir. 1970).

Even if the jury could have found that the defendant associated with persons who committed the crimes, that did not justify an inference that she had participated in their commission. *Commonwealth* v. *Fancy,* 349 Mass. at 200. *Commonwealth* v. *Perry,* 357 Mass. at 151. LaFave & Scott, Criminal Law § 64 (1972). Contrast *Commonwealth* v. *Pina,* 360 Mass. 139, 143 (1971); *Commonwealth* v. *Drew,* 4 Mass. App. Ct. 30, 31 (1976). On facts comparable to those before us, we held that evidence that the defendant was a passenger in a car where stolen goods were found was insufficient to withstand a motion for a directed verdict made at the close of the Commonwealth's case. *Commonwealth* v. *Scarborough,* 5 Mass. App. Ct. 302, 303-304 (1977). It was not enough to place the defendant and the stolen goods in the same car under circumstances where no other relationship to the goods or knowledge that they were stolen could be inferred. Contrast *Commonwealth* v. *Obshatkin,* 2 Mass. App. Ct. 1, 2–3 (1974); *Commonwealth* v. *Settipane,* 5 Mass. App. Ct. 648, 651–653 (1977). As both the defendant and the Commonwealth point out, the evidence that the defendant's name appeared as payee on the stolen checks might show that

whoever wrote her name was planning to seek her aid in cashing them. However, there was no evidence that the defendant had any knowledge of that plan or knew that the checks were stolen. Contrast *Commonwealth* v. *Drew*, *supra* at 30–31.

At most, the evidence produced by the Commonwealth creates a "conjecture or suspicion that [the defendant] may have been a participant in the crime[s charged]." *Commonwealth* v. *Murphy*, 1 Mass. App. Ct. at 77. A mere conjecture will not suffice. Since we conclude that there was insufficient evidence to warrant submitting to the jury the indictments charging forgery, attempted larceny, and that the defendant "did buy, receive and aid in the concealment of" stolen goods, the question of the admissibility of the items recovered from Jackson's pocket need not be reached.

The judgments are reversed, and the verdicts are set aside. Judgment is to be entered for the defendant on each indictment.

*So ordered.*