*Robert G. Hayduk,* pro se.
*John C. Creney* for the defendants.

COMMONWEALTH *vs.* FRANCIS J. O'TOOLE (and two companion cases[1]). January 26, 1983. About 3:30 A.M., on September 6, 1980, the eighteen year old victim met two men in the Kenmore Square area of Boston and agreed to go with them by taxi to South Boston, where one of the men had an apartment. There they socialized for about two hours. One of the men left and, a little while later, the victim asked the other to take her home. He abandoned the victim in front of the apartment building on the pretext that he would find the car and return for her. The victim waited alone about twenty minutes, and then she was invited by one of a nearby group of seven people, five males and two females, to join them. She accepted, and they all stood about, engaged in small talk, when after about fifteen minutes, one of the males, Michael Dauer, grabbed her purse and ran down the street. The victim gave chase, but she was quickly overcome, tackled, and thrown to the ground by the defendant Linda

---

[1] The companion cases are by the Commonwealth against Linda Ducoing.

928            15 Mass. App. Ct. 901

Rescript Opinions.

Ducoing, who then beat the victim's head against the pavement and tore at her shirt. The rest of the group joined Ducoing, stripped the victim, dragged her across the street, and watched while the defendant O'Toole forced her to engage in oral intercourse with him. On appeal from their convictions for those acts, O'Toole complains of mid-trial prejudicial publicity, and Ducoing argues that her motion for a required finding of not guilty, Mass.R.Crim.P. 25, 378 Mass. 896 (1979), should have been granted. We affirm.

1. On the third day of the joint trial, the defendant O'Toole, who was charged with aggravated rape under G. L. c. 265, § 22, brought to the trial judge's attention a newspaper article which had appeared in the Boston Globe the previous day and which was entitled "Of Rape and Middlesex County: Crime Without Punishment." The article discussed the experiences of rape victims and the difficulties in securing convictions on rape charges in certain types of cases. No mention of the present incident, the trial, or O'Toole's name was made in the article. "The danger of prejudice is less where the publicity is 'cast in fairly general terms' and does 'not specifically relate to the proceedings before the court.'" *Commonwealth* v. *Hanscomb,* 367 Mass. 726, 728-729 (1975), quoting from *Commonwealth* v. *Beneficial Fin. Co.,* 360 Mass. 188, 297 (1971), cert. denied, 407 U.S. 914, and sub nom. *Farrell* v. *Massachusetts,* 407 U.S. 910 (1972). O'Toole contends, however, that the rapes discussed in the article were of the type here alleged by the victim and that the similarity was a source of prejudice. The trial judge refused to examine the jury, noting that the article was of the kind regularly appearing in national magazines and newspapers. See *Commonwealth* v. *Jackson,* 376 Mass. 790, 800-801 (1978), "adopt[ing]" the Federal practice as set out in *United States* v. *Perrotta,* 553 F.2d 247, 250 (1st Cir. 1977) ("Inquiry of any sort need be undertaken only in those instances where the . . . court finds that publicity which has been brought to his attention is in fact prejudicial"). We see no error in the trial judge's decision not to examine the jury, especially in view of his repeated instructions throughout the trial that the jurors were to disregard any news media coverage of the trial and consider only the evidence presented. See *Commonwealth* v. *Beneficial Fin. Co.,* 360 Mass. at 297-298; *Commonwealth* v. *Stanley,* 363 Mass. 102, 105 (1973).

2. (a) It was not error to deny Ducoing's motion for a required finding of not guilty on the indictments charging her with assault with intent to rob and robbery, G. L. c. 265, §§ 19 and 20, where there was evidence to show that: (i) when Dauer grabbed the victim's purse, the victim was facing Ducoing, who was in the immediate vicinity but just beyond the victim's reach; (ii) as the victim chased Dauer, Ducoing pursued the victim, telling her to "leave [my] brother alone"; and (iii) Ducoing jumped on the victim from behind, threw her to the ground, and beat her. See *Commonwealth* v. *Perry,* 357 Mass. 149, 151-152 (1970); *Com-*

*monwealth* v. *Soares,* 377 Mass. 461, 471-472 (1979); *Commonwealth* v. *Chinn,* 6 Mass. App. Ct. 714, 716 (1978). (b) We need not consider Ducoing's claim that she cannot be convicted of robbery and assault with intent to rob where Dauer was found guilty in Juvenile Court of larceny from the person. We have no information concerning those proceedings other than the assertions of counsel made in the brief filed on Ducoing's behalf. Cf. *Commonwealth* v. *Podlaski,* 377 Mass. 339, 349 (1979).

*Judgments affirmed.*

*Patricia A. O'Neill* for Francis J. O'Toole.
*Robert P. Reardon* for Linda Ducoing.
*Mark Newman,* Assistant District Attorney, for the Commonwealth.