COMMONWEALTH vs. LISA O'DELL.

Middlesex.  December 9, 1982. — February 2, 1983.

Present: HALE, C.J., ROSE, & PERRETTA, JJ.

*Homicide. Joint Enterprise. Duress. Practice, Criminal,* Objections to
jury instructions.

At a murder trial, the evidence was sufficient to permit the jury to infer
beyond a reasonable doubt the existence of every essential element of
the crime charged and to find that the defendant was either an active
participant in striking the fatal blows or a participant in a joint enter-
prise with another. [259]
At a murder trial, there was no error in a judge's unobjected-to instruc-
tions to the jury setting out the elements required to establish criminal
liability under a theory of joint enterprise, copies of which had been
furnished the jury without objection by the defendant. [259-260]
At a murder trial, the judge did not err in refusing to give a requested
jury instruction on duress and the burden of the Commonwealth to
disprove that the defendant was acting under duress where, even
assuming that the Commonwealth would bear the burden of proving
lack of duress, the evidence would not have warranted a finding of
duress. [260-261]

INDICTMENT found and returned in the Superior Court
Department on February 11, 1980.

The case was tried before *Garrity*, J.

*Willie J. Davis* for the defendant.

*Katherine E. McMahon (James W. Sahakian*, Assistant
District Attorney, with her) for the Commonwealth.

HALE, C.J.   The defendant has appealed from a convic-
tion of murder in the second degree on an indictment charg-
ing murder in the first degree.[1]  She contends that there was

---

[1] The defendant was also found guilty of assault and battery by means of
a dangerous weapon.  That indictment was placed on file with the defend-
ant's consent and is not before us.  *Commonwealth* v. *Lopez*, 10 Mass. App.
Ct. 351 (1980), *S.C.* 383 Mass. 497, 497 n.1 (1981).

insufficient evidence to show that she participated in a joint enterprise, that the judge's instructions to the jury on the theory of joint enterprise were inadequate, and that the judge erred in failing to instruct the jury on duress. We affirm.

At trial there was evidence from which the jury could have found that the victim, John Anderson, died from multiple stab wounds to the chest and upper back in an attack which occurred in Cambridge on the morning of September 18, 1979. At approximately 2:30 A.M. the defendant rang the doorbell of one Eugene Smith and asked him if she could "turn a trick" in his apartment. Smith agreed to let the defendant use the apartment, provided that she paid him thirty dollars. The defendant then left the apartment and returned a few minutes later with another woman, Lucille Reid.

Some time later when the defendant emerged from the bedroom, Smith told her to take the victim out of the apartment. The defendant did so and then returned moments later. Smith then asked the defendant for his money, and she told him that Reid had the victim's wallet. Smith berated her for failing to get the money in advance.

After a short period of time, Reid returned to the apartment. Reid told the defendant that the victim did not have any money, whereupon the defendant became angry and said that she would "stick him" herself. The two women then left the apartment.

Smith remained in the apartment, which was on the thirteenth floor of a building, and, with the aid of binoculars, watched the building's parking lot from his living room window. Smith observed Reid and the defendant search the victim's car and then enter it. While in the car, the defendant and Reid inflicted the wounds described above. Shortly thereafter, the defendant and Reid got out of the car and wiped the car with what appeared to be a cloth rag, although their fingerprints were later found on the car. Both women were holding knives which they also cleaned with a rag. They then put the knives into their pockets.

The defendant and Reid left the scene and went to the defendant's apartment. Smith continued to watch the car. He observed the victim crawl out of his car on his hands and knees. Police and an ambulance arrived and took the victim from the scene. On the afternoon of September 18, the defendant admitted to Smith that she had participated in the stabbing and had stabbed the victim in the arm and leg.

1. The defendant's first argument appears to attack the weight and credibility of the evidence upon which she was convicted. Although it is not mentioned in the defendant's brief, we assume that this argument is addressed to the denial of her motion for a required finding of not guilty which is included in the appendix to her brief. We have set forth facts which the jury could have found. Those facts were sufficient to permit the jury to infer beyond a reasonable doubt the existence of every essential element of the crime charged and find that the defendant was either an active participant in striking the fatal blows or a participant in a joint enterprise with Reid. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-678 (1979); *Commonwealth* v. *Reid*, 384 Mass. 247, 257 (1981).

2. The defendant asserts next that the judge's instructions to the jury on joint enterprise were faulty. There was no objection to the charge as given. The charge on this point was read virtually verbatim, except for the authorities quoted, from *Commonwealth* v. *Chinn*, 6 Mass. App. Ct. 714, 716 (1978), and it set out the elements required to establish criminal liability under a theory of joint enterprise.

The judge in his main charge left it to the jury to determine under which theory of participation the defendant's acts fell. The jury later requested "copies of the definitions of 'joint enterprise' that [the judge] read in [his] instructions." The judge told them that rather than rereading the instructions from the *Chinn* case he would give them copies of his handwritten excerpts from that case, which he had read to them during the course of his charge. This was done, and a separate copy was identified for the record. The defendant did not object to furnishing the jury the copies as

requested, as to which see *Commonwealth* v. *Dilone*, 385 Mass. 281, 287 (1982). We note too that the language quoted in the charge and in the copy was entirely appropriate to be applied by the jury in the resolution of the case before them. *Commonwealth* v. *Heffner*, 304 Mass. 521, 525 (1939). Thus, we hold that there was no error in the charge on this point, particularly when it is read in conjunction with the parts of the charge addressing burden of proof and reasonable doubt.

3. Finally, the defendant claims that the judge erred in failing to charge on duress and the burden of the Commonwealth to disprove that the defendant was acting under duress, as requested in her third request for instructions. The defendant, however, failed properly to object to the judge's instructions at the close of his charge. Earlier the judge had acknowledged to counsel that he had received requests for instructions, requests for supplementary instructions, and a third request for instructions and said, "[A]ll of those requests will be with the papers in this case." The defendant then stated, "Please note my objection to the failure to give those."

The word "those" would appear to refer to all three sets of requested instructions which contained a total of fifty-six instructions. There is a remote possibility that the word "those" referred to only the third set of requests which had eight in all, five of which had nothing to do with duress. In either case, the objection lacked the specificity required under Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979). *Commonwealth* v. *Coast Vending Co.*, 12 Mass. App. Ct. 846, 850-851 (1981). See also *Narkin* v. *Springfield*, 5 Mass. App. Ct. 489, 491-492 (1977), a case decided under provisions of Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974), the pertinent provisions of which are to the same effect as those in Mass.R.Crim.P. 24(b). Moreover, even if we were to assume that the Commonwealth would bear the burden of proving lack of duress, as the court did in *Commonwealth* v. *Robinson*, 382 Mass. 189, 198-206 (1981), the evidence in this case would not have warranted a finding of duress, and

thus the judge would not have been required to honor a request to charge on it. A judge need not charge on an hypothesis not supported by evidence. *Commonwealth* v. *Walden,* 380 Mass. 724, 727 (1980). See also *Commonwealth* v. *Melzer,* 14 Mass. App. Ct. 174, 184 (1982). There was no indication here that the defendant was in fear of death or serious bodily injury had she not committed the crime and even if she were in such fear, on any view of the evidence, she had ample opportunity to escape. *Commonwealth* v. *Robinson, supra* at 198-199. *Commonwealth* v. *Melzer, supra* at 182-184.

*Judgment affirmed.*