COMMONWEALTH *vs.* JANICE S. PETERSON.

No. 99-P-2152.

Norfolk. September 12, 2001. - December 17, 2001.

Present: PORADA, LAURENCE, & KAFKER, JJ.

*Assault and Battery. Resisting Arrest. Practice, Criminal,* Instructions to jury. *Self-Defense.*

At the trial of a criminal complaint alleging assault and battery on a police officer and resisting arrest, the judge did not err in refusing to give a "castle law" instruction, where there was no evidence that the defendant's assault and battery on the officer was precipitated by a reasonable belief that she was in danger of death or serious bodily harm, and where the judge's instructions made it clear that the defendant had the right to use reasonably necessary force to resist the arrest if the force used to make the arrest was unnecessary or excessive. [389-391]

At the trial of a criminal complaint alleging assault and battery on a police officer and resisting arrest, the judge's refusal to give an instruction on the defendant's right to protect her personal property from seizure and to protect her apartment from intrusion did not create a substantial risk of a miscarriage of justice, where there was no evidence that the police officer who entered the defendant's apartment was attempting to steal or destroy the beer that he removed from the apartment, and where there was no evidence that the defendant objected to the police officer's presence in her apartment. [392]

COMPLAINT received and sworn to in the Dedham Division of the District Court Court Department on January 15, 1998.

The case was tried before *Thomas A. Connors,* J.

*Mark W. Helwig* for the defendant.

*Susanne M. O'Neil,* Assistant District Attorney, for the Commonwealth.

PORADA, J. On appeal from her convictions for assault and battery on a police officer and resisting arrest,[1] the defendant

---

[1] A conviction of serving alcohol to a minor was placed on file with the defendant's consent. We therefore do not consider it.

claims that the judge erred in refusing to give a requested "castle law" instruction[2] and in failing to instruct the jury sua sponte on the right of self-defense to protect one's property. We affirm.

1. *"Castle law" instruction.* Prior to trial, the defendant filed a motion to suppress evidence obtained by a police officer after entering the defendant's apartment on the ground that the officer's entry in response to a complaint about a loud party was illegal. The motion was denied, and the trial judge denied a motion to resurrect the issue at trial. The defendant did not appeal from those denials, but on appeal claims that the judge erred in denying her request for a "castle law" instruction because the evidence presented to the jury demonstrated that the officer's presence in the apartment was unlawful and that the defendant acted in the reasonable belief that the officer was about to inflict great bodily harm upon her. The trial judge denied the requested instruction on the ground that the evidence was insufficient to establish that she acted in the reasonable belief that the officer was about to inflict great bodily harm or death upon her.

In determining the defendant's entitlement to a "castle law" instruction, the evidence must be viewed in the light most favorable to her. See *Commonwealth* v. *Pike*, 428 Mass. 393, 395 (1998); *Commonwealth* v. *Paton*, 31 Mass. App. Ct. 460, 463 (1991). That evidence may be summarized as follows. The police officer entered the defendant's apartment without her consent and without a warrant. At the time of the entry, there were nine people in the apartment, seven in the living room playing cards or watching television and two in the kitchen. The officer asked whose apartment it was, and the defendant acknowledged it was her apartment and that she was having a birthday party. The officer asked the defendant and three other

---

[2]The requested instruction is embodied in G. L. c. 278, § 8A, and provides as follows: "In the prosecution of a person who is an occupant of a dwelling charged with killing or injuring one who was unlawfully in said dwelling, it shall be a defense that the occupant was in his dwelling at the time of the offense and that he acted in the reasonable belief that the person unlawfully in said dwelling was about to inflict great bodily injury or death upon said occupant or upon another person lawfully in said dwelling, and that said occupant used reasonable means to defend himself or such other person lawfully in said dwelling. There shall be no duty on said occupant to retreat from such person unlawfully in said dwelling."

people for identification. The defendant and the three individuals produced identification. The police officer left the apartment and returned approximately ten minutes later when he requested everyone to leave. The officer also told two individuals who had produced identification that they would be summonsed into court (ostensibly for being minors in possession of alcoholic beverages). The officer then entered the defendant's kitchen and seized two cases of beer. He told the defendant that he was taking the beer out of the house. The defendant objected, saying that she did not want him to take it without her permission or in the absence of another officer. The officer put the beer on the table and told her that if she said anything else he would have to arrest her (ostensibly for distributing alcohol to minors). The defendant continued to talk. As a result, the officer announced his intention to arrest her and grabbed her by her throat and arms and put her against the wall. In response, the defendant lashed out at the officer to get his arm off her neck and, in the defendant's words, "[i]t just escalated from there." Thereafter, the officer sprayed mace in her eyes, hit her over the head with the mace can, and swung her headfirst onto the sofa, making it difficult for her to breathe. He forced her onto the floor where he handcuffed her and then dragged her out of the apartment; she was carried to a police cruiser by the arresting officer and another officer who had arrived on the scene after being summoned by the arresting officer.

While there is a serious question whether the arresting officer was lawfully in the defendant's apartment, see *Commonwealth v. Kiser*, 48 Mass. App. Ct. 647, 651-652 (2000) (police officer's entry into apartment without warrant in response to complaint of loud noise emanating from apartment was illegal because those circumstances did not meet test of exigent circumstances needed to justify exception to Fourth Amendment's warrant requirement),[3] we need not address this issue because we agree with the trial judge that the evidence did not warrant a "castle law" instruction. There was no evidence that

---

[3]But see *Howes* v. *Hitchcock*, 66 F. Supp. 2d 203, 213-217 (D. Mass. 1999) (police officers could reasonably believe that exigent circumstances of potential destruction of evidence and potential threat to life and safety existed because of large underage drinking party with no parent home).

the defendant's lashing out at the officer was precipitated by a reasonable belief that she was in danger of death or serious bodily harm. Rather, her use of force was a response to the officer's use of force upon her in making an arrest after she objected to his confiscation of her beer. As such, she had no right to use force to resist a lawful or unlawful arrest, unless the force used to arrest her was excessive or unnecessary. *Commonwealth* v. *Montes*, 49 Mass. App. Ct. 789, 792 (2000). While the defendant's version of the incident warranted an instruction that she had the right to use reasonable force to defend herself if the force used to arrest her was unnecessary or excessive, it did not warrant a "castle law" instruction. The "castle law" instruction was inapposite because, when faced with an arrest, a defendant has no right to self-defense except in the case of the use of excessive or unnecessary force and in those situations where the option of retreat or avoidance of physical combat has already been foreclosed.

Although we are mindful that the judge in this case instructed the jury that "for the defendant to have acted in self-defense, she must have done everything that was reasonable in the circumstances to avoid physical combat before resorting to force," which may have obfuscated the issue of the defendant's right to self-defense, the defendant was not prejudiced by those remarks when the charge is viewed as a whole. See *Commonwealth* v. *Richardson*, 429 Mass. 182, 185 (1999), quoting from *Commonwealth* v. *Raymond*, 424 Mass. 382, 386 (1997) ("[w]e look to the charge as a whole to determine whether it fairly instructs the jury"). Immediately following the judge's instructions on self-defense, the judge correctly instructed the jury that the defendant did not have the right to resist a lawful or unlawful arrest, but that "if a police officer uses excessive force or unnecessary force to make an arrest, whether the arrest is legal or illegal, the person who is being arrested may defend him[self] or herself with as much force as . . . reasonably appears to be necessary." This instruction makes it clear that the defendant had the right to use force if the force used to make the arrest was unnecessary or excessive. Because the defendant averred that she did not attack the officer until he attempted to place her under arrest, the jury were not misled by the earlier instruction, and the defendant was not prejudiced by it.

2. *Defense of property.* The defendant claims that she was entitled to an instruction on the right to protect her personal property from seizure and the right to protect her apartment from intrusion. Because the defendant did not request this instruction and did not object to the judge's omission of the instruction, our review is limited to the standard of a substantial risk of a miscarriage of justice. There was none.

The right to defend one's property relates to the right to use reasonable force "to defend personal property from theft or destruction and real property from unwelcome invasion." *Commonwealth* v. *Haddock*, 46 Mass. App. Ct. 246, 248-249 n.2 (1999). Here, there was no evidence that the officer was attempting to steal or destroy the cases of beer that he removed from the defendant's apartment. Instead, where the beer was plausibly related to proof of the defendant's alleged distribution of alcohol to minors and the underage drinking observed by the officer, it was subject to seizure. See *Sullivan* v. *District Ct. of Hampshire*, 384 Mass. 736, 744-745 (1981).

Likewise, there is no merit to the defendant's claim that she was defending her real property from intrusion. At no time did the defendant voice any objection to the police officer's presence in her apartment. Contrast *Commonwealth* v. *Haddock*, 46 Mass. App. Ct. at 247-249 (defendant almost immediately asked repossessors to leave her apartment). The evidence is uncontradicted that the altercation between the defendant and the police officer arose as a result of the officer's attempt to leave the apartment with the defendant's beer over the defendant's objection, and not because the defendant was attempting to repel his unwelcome intrusion into her apartment. We perceive no error in the omission of this instruction and certainly no substantial risk of a miscarriage of justice.

*Judgments affirmed.*