After a jury trial, the defendant was convicted of assault and battery ( G. L. c. 265, § 13A [b ] ), as a lesser included of the charged offense of assault and battery by means of a dangerous weapon ( G. L. c. 265, § 15A [b ] ). He appeals,[2] arguing that the judge erred by (1) denying his motion for a required finding of not guilty of assault and battery; (2) excluding cross-examination of the victim regarding evidence of bias; (3) not providing an instruction to the jury on the "castle" law defense; and (4) admitting overly prejudicial evidence of the defendant's arrest and booking photograph. We affirm.
Background. The jury could have found the following facts. The defendant and the victim each had individual apartments within a multi-dwelling home. On June 20, 2016, the victim left his apartment to go the store for groceries. While leaving the property, the victim and the defendant began to argue. Roughly ten minutes later, the victim returned to the property carrying groceries. Upon walking through the gate to the front yard, the defendant and the victim continued their argument and they began to yell at each other. The argument escalated, and the defendant told the victim, "I'm gonna kick your ass." As the defendant and the victim approached the front door of the property, the defendant's friend, who was standing nearby, tried to keep the arguing parties apart by standing between them.
The dispute became physical when the victim entered the property's common area in front of the defendant's apartment. While in the common area, the defendant's friend attempted to push the defendant through the open door of the defendant's apartment away from the victim. With the defendant's friend between them, the victim attempted to reach over to get to the defendant. While reaching, the victim was struck in the head with what he believed to have been a hammer. The victim fell to the ground bleeding and began "see[ing] stars." The victim did not see who hit him, but saw the defendant "menacing over him" immediately after.
The victim then telephoned 911. Two police officers responded, and upon entering the building noticed blood on the door to the defendant's apartment. Later, when one officer spoke with the defendant, the officer did not notice any visible injuries to the defendant, but did see blood on his shirt. The defendant denied knowing where the blood came from and spontaneously stated he did not "hit anybody with a hammer." The defendant was subsequently arrested.
Discussion. 1. Required finding of not guilty. In reviewing the denial of a motion for a required finding of not guilty, we must determine "whether, viewing the evidence in a light most favorable to the Commonwealth, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Commonwealth v. Cohen (No.1), 456 Mass. 94, 120 (2010), quoting from Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). The defendant argues that "[f]or the jury to find the facts according to the Commonwealth's theory, they inevitably had to engage in impermissible conjecture or surmise" because evidence at trial showed the defendant and the defendant's friend had equal opportunity and motive to strike the victim. Commonwealth v. Salemme, 395 Mass. 594, 600 (1985). We disagree.
Here, the sufficiency of the Commonwealth's evidence does not deteriorate merely because the defendant presents a contrary version of critical events in which the unidentified friend is the guilty party. See Commonwealth v. Robertson, 408 Mass. 747, 755 (1990). Even though the victim was unable to directly identify the defendant as the responsible party, a rational trier of fact could have reached that conclusion based on permissible inferences from the victim's testimony. Specifically, the victim's testimony showed that the defendant, not the defendant's friend, yelled a threat to the victim immediately prior to the battery. Also, the victim testified that the defendant was the only one "menacing over him" immediately after he was struck. Simply because other individuals were near the victim does not make this a case where the evidence requires a leap of conjecture after issues of weight and credibility are viewed in the light most favorable to the Commonwealth. Cf. Salemme, 395 Mass. at 600.
Therefore, the defendant's conviction of the lesser included offense of assault and battery was "not unwarranted because [it was] too remote from the ordinary course of events." Commonwealth v. Chinn, 6 Mass. App. Ct. 714, 716 (1978). We affirm the judge's denial of the defendant's motion for a required finding of not guilty.
2. Cross-examination. The defendant contends that limitations on his impeachment of the victim violated his right to confront and cross-examine the witnesses against him. See Commonwealth v. Noeun Sok, 439 Mass. 428, 435 (2003). However, based on the specific evidence proffered for impeachment purposes, we discern no abuse of discretion or other error of law in its exclusion. See Commonwealth v. Gagnon, 408 Mass. 185, 192 (1990) ("[T]he scope of cross-examination, including to what extent, the accuracy, veracity, and credibility of a witness may be tested, rests largely in the sound discretion of the judge, not subject to revision unless prejudice is shown to a party by reason of too narrow restriction or too great breadth of inquiry").
The defendant proffered evidence that eviction proceedings between the victim and his landlord provided motivation for the victim to lie to protect his tenancy. The defendant attempted to use a letter purportedly written by the victim to the landlord some two months before the events in this case, in which the victim promised to keep quiet and avoid any noise disturbances. Although a defendant has a constitutional right to question a witness on the issue of bias and prejudice, a trial judge may limit such examination concerning alleged bias if the questioning pertains to a collateral matter or is too speculative. See Commonwealth v. Weichel, 403 Mass. 103, 105-106 (1988) (judge properly excluded proffered evidence that had little, if any, legitimate value). See also Commonwealth v. Tam Bui, 419 Mass. 392, 400-402 (1995) (no abuse of discretion where judge concluded that evidence was insufficiently probative to justify its admission).
Here, any bias or motive to lie was speculative at best when the defendant's counsel admitted that the victim's housing issue was nearly resolved by the date of the incident and that the defendant had nothing to do with the eviction proceedings. The judge could conclude, within her discretion, that the defendant's theory of the victim's motive to lie about the physical conflict based on his eviction proceedings with his landlord was too tenuous to warrant cross-examination. See Tam Bui, 419 Mass. at 401. Accordingly, the judge did not commit reversible error.[3]
3. "Castle" law instruction. The judge properly instructed the jury on self-defense. The defendant argues, however, that the judge should also have stated that he had no duty to retreat under the so-called "castle" law, as requested. See G. L. c. 278, § 8A. See also Commonwealth v. Peloquin, 437 Mass. 204, 207-208 (2002). Here, viewing the evidence in the light most favorable to the defendant, there is no testimony that the victim was unlawfully in the defendant's dwelling so as to be a trespasser. See Commonwealth v. Peterson, 53 Mass. App. Ct. 388, 389 (2001). All the evidence showed that the physical conflict was contained entirely within the common area of the multi-dwelling house, which is insufficient to warrant the instruction. See Commonwealth v. Jefferson, 36 Mass. App. Ct. 684, 687 (1994) (dwelling does not encompass hallway leading into apartment). There was no error.
4. Evidentiary rulings. Generally, relevant evidence may be excluded only when its probative value is substantially outweighed by the danger of unfair prejudice, or to prevent confusion of the issues, misleading the jury, being unnecessarily time-consuming, or being needlessly cumulative. See Mass. G. Evid. § 403 (2018). See also Commonwealth v. Crayton, 470 Mass. 228, 249 (2014). We find no reversible error in the judge admitting evidence of the defendant's arrest or his booking photograph. While the evidence of the arrest was minimally relevant, the judge's clear instructions that the jury were to "disregard any formal complaints or allegations against the defendant as they are not evidence" ameliorated any risk of prejudice to the defendant. See Commonwealth v. Dunn, 407 Mass. 798, 807 (1990) (effectiveness of limiting instruction in minimizing the risk of unfair prejudice should be considered in the balance). The booking photograph was probative to refute the defendant's assertion of self-defense, and the judge's instructions minimized the risk of impermissible inferences. See Commonwealth v. Dew, 478 Mass. 304, 315 (2017). Accordingly, we affirm.
Judgment affirmed.
Order denying motion to set aside verdict affirmed.

The defendant has appealed from his conviction and from the denial of a posttrial motion to set aside the verdict. See Mass.R.Crim.P. 25(b)(2), 378 Mass. 896 (1979).

We find no error in the judge disqualifying the landlord from testifying after he had violated the defendant's own motion to sequester witnesses. See Commonwealth v. Bianco, 388 Mass. 358, 370 (1983).